NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO III, *Plaintiff/Appellant,*

*v.*

JAMES LUIS CSONTOS, et al., *Defendant/Appellee.*

No. 1 CA-CV 24-0487

FILED 01-30-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-093347
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

John Danko III, Phoenix
*Plaintiff/Appellant*

Jennings Haug Keleher McLeod Waterfall LLP, Phoenix
By Joseph A. Brophy
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Andrew M. Jacobs joined.

---

**HOWE**, Judge:

**¶1**　　　　John Danko, III ("Danko") appeals the superior court's dismissal of his suit against James Csontos and Blake Whiteman. For the reasons below, we affirm.

**¶2**　　　　Both this Court and the Maricopa County Superior Court have designated Danko as a vexatious litigant. Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10; Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023 -0135; *Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129, at *3 ¶ 15 (Ariz. App. Aug. 15, 2023) (mem. decision). This Court recently outlined the pattern that led to those designations, and Danko continues that pattern here. *See Danko v. Reash*, 1 CA-CV 24-0301, 2024 WL 4705801, at *3–4 ¶¶ 15–19 (Ariz. App. Nov. 7, 2024) (mem. decision).

## FACTS AND PROCEDURAL BACKGROUND

**¶3**　　　　Csontos and Whiteman ("Attorneys") are attorneys licensed in the State of Arizona. Danko alleged that he hired them to appeal a decree of dissolution of marriage and that they "took [his] money" but "made absolutely no efforts to appeal" on his behalf. The superior court ordered Danko to provide a preliminary expert affidavit in accordance with A.R.S. § 12-2602 by January 26, 2024. He failed to do so.

**¶4**　　　　In March, Danko requested "leave to file [his] certificate regarding expert testimony pursuant to A.R.S. §12-2602(A)," arguing that "expert opinion testimony is not necessary" for this case, but he also included an expert opinion that discussed a different case and wholly failed to mention Attorneys. Soon after, Attorneys moved for summary judgment. The court granted Attorneys' motion, finding both that Danko failed to provide an expert report as ordered and that his subsequent filing was irrelevant and "did not rise to the level sufficient to address or overcome the [Attorneys'] Summary Judgment claims." The court thus dismissed Danko's claim with prejudice.

¶5            Danko timely appealed, and we have jurisdiction. *See* A.R.S. §12-2101(A)(1).

**DISCUSSION**

¶6            Danko argues the superior court erred in dismissing his complaint. To appeal from a civil judgment, an appellant must comply with the Arizona Rules of Civil Appellate Procedure. *See* ARCAP 13. Arizona Rule of Civil Appellate Procedure ("Rule") 13 requires an appellant's opening brief to provide "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." ARCAP 13(a)(7)(A).

¶7            Danko's brief does not comply with Rule 13. It includes a nominal "table of citations" referring to Arizona statutes, federal statutes, the United States Constitution, and case law. However, the cases recited do not have volume or case numbers, and he does not explain how or where any of these legal authorities apply to the arguments in his brief. *See* ARCAP 13(f) (references to case law must include the volume and case number, among other requirements as applicable). Danko also does not specify how the statutes listed apply to his argument. In fact, the section of Danko's brief labeled "legal argument" contains no citations to legal authority. Further, Danko's statement of facts includes many irrelevant "facts" concerning non-parties and provides no record citations. Danko "requests this court review 'the facts' that [he] has clearly placed on the record" but does not specify which facts he refers to or where in the record they might appear. He argues "the undisputed facts unequivocally show that Plaintiff is able to meet his burden of proof," but again he does not provide citations to these "undisputed facts."

¶8            The only paragraph of Danko's brief that references the statute under which the superior court dismissed his case is not contained within the "argument" section and does not contain necessary citations to legal authority, the record, or the relevant standard of review. *See* ARCAP 13(a)(7) (requiring an "argument" section of a brief, including support from legal citations, appropriate references to the record, and the applicable standard of review). Even assuming this paragraph represents Danko's argument, it is opaque and insufficient. *See Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 587 (App. 1977) (holding a failure "to state with any particularity why or how the superior court erred in making [its] rulings and simply conclud[ing] that error was committed" leads to abandonment of the relevant issues on appeal).

**¶9**　　　　Danko argues that this "court should grant [him] leeway to comply with rules." But this Court has repeatedly reminded Danko that he must comply with the rules of procedure. *See Reash*, 1 CA-CV 24-0301, at *3 ¶¶ 14–15 (finding that Danko has "routinely violated" Rule 13 and this court has "repeatedly explained" these violations to him). And we have "a responsibility to see that litigants conform to an acceptable, minimal level of competency and performance." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Id.* (cleaned up) (citation omitted). Those who choose to proceed without representation are held to the same standards as attorneys. *Id.* Danko's opening brief fails to comply with Rule 13 and thus his arguments are waived. *See id.* (holding that waiver is the remedy for noncompliance).

## CONCLUSION

**¶10**　　　　We affirm. Danko's brief includes a request for oral argument. We deny his request. *See* ARCAP 18(b) (this Court has discretion to deny a request for oral argument).

